UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| PATRICK MAYFORD MILLIGAN, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:19-CV-417-HBG |
| ANDREW M. SAUL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 16].

Now before the Court is Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 19 & 20]. Patrick Mayford Milligan, Jr. ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of Defendant Andrew M. Saul ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's Motion and **GRANT** the Commissioner's Motion.

### I. PROCEDURAL HISTORY

On February 29, 2016, Plaintiff protectively filed an application for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, claiming a period of disability that began on October 1, 2015. [Tr. 156]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 97].

The hearing was scheduled for June 5, 2018. Plaintiff was sent a Notice of Hearing dated March 16, 2018, and a Notice of Hearing-Important Reminder dated May 22, 2018. [Tr. 113-18, 140-41]. Plaintiff did not appear at the hearing, and the ALJ found that Plaintiff constructively waived his right to a hearing. [Tr. 64-68]. On October 5, 2018, the ALJ found that Plaintiff was not disabled. [Tr. 55-60]. The Appeals Council denied Plaintiff's request for review on September 19, 2019, *see* [Tr. 1–6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on October 23, 2019, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.    ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since February 29, 2016, the application date (20 CFR 416.971 et seq.).
>
> 2. The claimant has the following medically determinable impairment: degenerative disc disease (20 CFR 416.921 *et seq.*).
>
> 3. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform the basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921 *et seq.*).
>
> 4. The claimant has not been under a disability, as defined in the Social Security Act, since February 29, 2016, the date the application was filed (20 CFR 416.920(c)).

[Tr. 55-60].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" means an individual cannot "engage in any substantial gainful activity by

3

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§

4

404.1520(a)(4) and -(e), 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff submits three challenges to the ALJ's decision. First, Plaintiff argues that the ALJ erred by finding that he constructively waived the right to appear at the hearing. Second, Plaintiff states that the ALJ failed to properly evaluate the evidence under Step Two of the sequential evaluation. Third, Plaintiff argues that the ALJ's decision is not supported by substantial evidence. The Court will address these challenges in turn.

As mentioned above, the ALJ conducted a hearing on June 5, 2018. The ALJ sent a Notice of Hearing, dated March 16, 2018, to Plaintiff. [Tr. 113]. Plaintiff and his former counsel signed an Acceptance of Appointment form that is dated May 21, 2018. [Tr. 135]. The ALJ sent Plaintiff a reminder regarding the June 5 hearing that is dated May 22, 2018. [Tr. 138]. Plaintiff did not appear at the June 5 hearing, but his former attorney appeared. During the June 5 hearing, the following transpired:

> ALJ: I understand your client's not here.
>
> ATTY: He's not.
>
> ALJ: Have you had any contact with him?
>
> ATTY: So it looks like the last contact—he did call in like

5

> February and he left a voicemail and I've not been able to get in touch with him. I've left voicemails with both numbers that he's given us and he's not returned any letters, so I'm not sure if he's maybe gone back to work or what's going on, but—

[Tr. 66].

The ALJ found on the record that Plaintiff constructively waived his right to a hearing. [*Id.*]. The ALJ asked Plaintiff's counsel if she would like to present oral argument, and Plaintiff's counsel declined. [Tr. 67]. The hearing concluded. The ALJ issued a decision dated October 5, 2018, finding, in relevant part, as follows:

> A hearing was scheduled for June 5, 2018, in Knoxville, Tennessee. The claimant failed to appear at the hearing; however, his representative, Jessica Baker, was present. Representative Baker stated on the record that the last contact she received from the claimant was a voicemail he left in February. Since then, she has attempted to contact the claimant, but to no avail.
>
> An [ALJ] may determine that the claimant has constructively waived the right to appear at the hearing if the representative is unable to find the claimant, the notice of hearing was mailed to the claimant's last known address, and the contact procedures of 20 CFR 416.1438 have been followed (Hallex I-2-4-25). In the current case, the claimant's representative was given an opportunity to present argument or make statements on the claimant's behalf. The representative declined. Accordingly, the undersigned finds that the claimant has constructively waived his right to appear for a hearing and a decision on the record is issued (Hallex I-2-4-25D).

[Tr. 55].

As mentioned above, Plaintiff argues that the ALJ erred when she found that Plaintiff constructively waived the right to appear at the hearing. It is well established that the "Social Security Act and basic principles of due process 'require that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied.'" *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 488 (6th Cir. 2006) (quoting *Stoner v. Secretary*

6

*of HHS,* 837 F.2d 759, 760–61 (6th Cir. 1988)) (other citations omitted). The regulation states that "[a]ny party to a hearing has a right to appear before the administrative law judge . . . to present evidence and to state his or her position." 20 C.F.R. § 416.1450(a).

Further, the Hearings, Appeals, and Litigation Law ("HALLEX") manual "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals, Counsel and Civil Action Levels." *Engelhart v. Comm'r of Soc. Sec.,* No. 2:15-CV-2937, 2017 WL 780606, at *5 (S.D. Ohio Mar. 1, 2017) (other citations omitted). Specifically, the parties cite the following provision:

> If an appointed representative appears at the scheduled hearing without the claimant and continues to represent the claimant during the hearing, dismissal is never appropriate. However, the ALJ may determine that the claimant has constructively waived the right to appear at the hearing if:
>
> The representative is unable to locate the claimant;
>
> The Notice of Hearing was mailed to the claimant's last known address; and
>
> The contact procedures required by 20 CFR 404.938 and 416.1438, as described in HALLEX I-2-3-20, have been followed.

https://www.ssa.gov/OP_Home/hallex/I-02/I-2-4-25.html (last visited Mar. 29, 2021). The provision further states as follows:

> If the ALJ finds that the claimant has constructively waived the right to appear at the hearing, the ALJ need not proceed with the hearing and may choose to issue a decision on the record. However, if medical expert or vocational expert testimony is needed to resolve the case, the ALJ may choose to proceed with the hearing, accepting the testimony of the witness(es) and allowing the appointed representative to question the witness(es) and make arguments on the claimant's behalf.
>
> In any event, the ALJ will advise the appointed representative, either on the record during the hearing or in writing thereafter, that he or

7

> she will not send a Request to Show Cause for Failure to Appear to the claimant because the claimant has constructively waived the right to appear at a hearing. When done in writing, the ALJ must associate the writing with the record.

https://www.ssa.gov/OP_Home/hallex/I-02/I-2-4-25.html (last visited Mar. 29, 2021). If the ALJ issues a show cause order, after the 10-day response period expires, the ALJ may either determine that the claimant constructively waived his or her right to a hearing (if the claimant fails to respond or fails to establish good cause) and issue a decision on the record, or offer a supplemental hearing if the claimant establishes good cause.

"The United States Court of Appeals for the Sixth Circuit has held that the HALLEX manual does not carry the force of law." *Stires v. Comm'r of Soc. Sec.,* No. 2:17-CV-811, 2018 WL 3237673, at *3 (S.D. Ohio July 3, 2018) (quoting *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008)), *report and recommendation adopted*, No. 2:17-CV-811, 2018 WL 4203451 (S.D. Ohio Sept. 4, 2018); *see also Engelhart*, 2017 WL 780606, at *5 (explaining that HALLEX does not bind the court but that a minority of courts "have granted relief where a plaintiff can demonstrate sufficient prejudice from nonobservance of the HALLEX procedures").

While not binding, "[t]he Sixth Circuit has found that HALLEX provides due process." *Neuzil v. Astrue*, No. 2:12-CV-00034, 2013 WL 2445212, at *7 (M.D. Tenn. June 5, 2013), *report and recommendation adopted sub nom. Neuzil v. Colvin*, No. 2:12-CV-00034, 2013 WL 3967706 (M.D. Tenn. July 30, 2013). Stated in a different way, "if the ALJ follows the HALLEX procedures, then plaintiff is accorded her procedural due process rights. If the ALJ does not follow the HALLEX procedures, then plaintiff may establish a colorable claim that her procedural due process rights were violated." *Id.*

8

In the instant matter, Defendant acknowledges that "the ALJ does not appear to have advised the appointed representative, either on the record during the hearing or in writing thereafter, that she will not send a Request to Show Cause for Failure to Appear." [Doc. 20 at 6]. Defendant continues, however, that it is not clear how the failure to follow this step adversely impacted Plaintiff. The Court agrees. The HALLEX provisions do not require the ALJ to issue a show cause order, but instead, the provisions merely require the ALJ to state whether he or she will issue a show cause order. The ALJ stated at the hearing that she was going to find that Plaintiff constructively waived his right to a hearing, meaning she would not issue a show cause order. Plaintiff's present argument that the ALJ did not advise his former counsel at the hearing whether a show cause order would be issued elevates form over substance. Finally, the ALJ provided an opportunity to Plaintiff's representative to present arguments or make statements on Plaintiff's behalf, and the offer was declined.

Plaintiff states that "the fact that [he] was in direct contact with his representative [f]ifteen (15) days before his hearing and yet did not appear at the hearing is puzzling but without issuance of a show cause there is no explanation." [Doc. 18 at 3].[1] As explained above, a show cause order is not required, and Plaintiff's representative attended the hearing. Plaintiff further argues that is unclear how the ALJ made certain findings given that there was no testimony at the hearing. For instance, Plaintiff argues that the ALJ found that Plaintiff worked after the application date but that his work activity did not rise to the level of substantial gainful activity. The ALJ's decision

---

[1] Plaintiff refers to his absence as "puzzling," but presumably he knows why he did not attend the hearing. Noticeably absent from Plaintiff's brief is any explanation as to why he failed to attend his hearing. He does not dispute that he received the Notice of the hearing or the Notice reminding him of the hearing. Finally, he does not argue he would have been able to establish good cause for his failure to attend had the ALJ issued a show cause order.

9

is clear on how she made such a finding. Specifically, the ALJ states that treatment records from March 2018 indicate that Plaintiff is working full time as a tree trimmer, but the available earning records do not reflect such income, and therefore, "[t]he evidence is insufficient to establish whether this work activity constitutes substantial gainful activity." [Tr. 57]. Plaintiff also states that the record contains a notice to a vocational expert regarding the hearing, but there is no mention of the vocational expert attending the hearing. Plaintiff does not explain how this omission constitutes reversible error.

Next, Plaintiff argues that the ALJ failed to properly evaluate the evidence under Step Two. Plaintiff submits that the medical evidence shows sufficient objective findings to meet this step. Specifically, Plaintiff states that his MRI shows annular tear and protrusion at L4-5 and a bulge at L5-S1. In addition, Plaintiff states that his providers' notes show that he suffers from polycystic kidney disease.

To be found disabled, "the ALJ must find that the claimant has a severe impairment or impairments" at step two. *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88 (6th Cir. 1985). Plaintiff bears the burden at step two of proving the existence of a severe, medically determinable impairment. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). An impairment, or combination of impairments, will be found severe if the impairment(s) "significantly limit[] [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). The step two determination is "a *de minimis* hurdle," in that "an impairment will be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Brown*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Farris*, 773 F.2d at 90). Importantly, the diagnosis of an impairment "says nothing about the severity of the condition." *Id.* at 863. Rather, the claimant must "produce or point to *some*

evidence that indicates that an alleged impairment impacts his ability to perform basic work activities." *Johnson v. Astrue*, No. 3:09-CV-317, 2010 WL 2803579, at *5 (E.D. Tenn. June 30, 2010), *report and recommendation adopted by*, 2010 WL 2836137 (E.D. Tenn. July 15, 2010).

Here, the ALJ found that Plaintiff had degenerative disc disease but that his impairment does not significantly limit the ability to perform basic work-related activities. The ALJ noted that in Plaintiff's disability report, he reported kidney disease, arthritis, depression, and back, neck, and shoulder pain, but that in his appeals report, he did not allege that any of the conditions had worsened. The ALJ noted that in terms of his degenerative disc disease, a lumbar MRI from June 2013 revealed an annular tear with mild degenerative changes and minimal indention at L4-5 with similar findings at L5-S1 aside from mild to moderate bilateral stenosis. The ALJ stated that Plaintiff had tenderness and pain with range of motion, but his provider noted 5/5 strength in his bilateral upper and lower extremities, intact sensation, and negative straight leg raises. The ALJ also noted that Plaintiff reported doing well on his medication and that he needed to be tapered down and offered an alternative to opioid treatment. Finally, the ALJ reasoned that the record indicated that Plaintiff was able to work a full-time job as a tree trimmer.

The Court finds that the ALJ did not err at Step Two. With respect to Plaintiff's back issues, the medical records show that Plaintiff reported that his medication allows him to complete his activities of daily living with less pain and that he was able to work a full-time job as a tree trimmer. The ALJ discussed the June 2013 MRI results (which showed mild degenerative changes and mild to moderate bilateral stenosis) and weighed the objective evidence in the record accordingly.

Plaintiff further argues that the ALJ failed to address his polycystic kidney disease, which was confirmed by an MRI. The results of the MRI, dated June 5, 2013, found "innumerable

11

bilateral renal cysts." [Tr. 322]. The impression was "[c]linically correlate for polycystic kidney disease." [*Id.*]. On the MRI results, Plaintiff's provider handwrote the following note dated June 19, 2013, "Probable PKD (polycystic kidney disease Needs Nephro ASAP)". [*Id.*]. Plaintiff has not provided any citations to the record showing that he actually received a diagnosis of polycystic kidney disease or that such disease affects his ability to perform basic work-related activities. Accordingly, the Court finds Plaintiff's argument not well taken.

Finally, Plaintiff argues that the ALJ's decision is not supported by substantial weight. Plaintiff argues that the ALJ gave great weight to the State Agency's consultant's decision and that the ALJ did not assign any particular weight to the Chilhowie Pain Center records, despite being the most voluminous records. In the ALJ's opinion, however, she clearly relied on the Chilhowie Pain Center records, which largely show that Plaintiff reported moderate pain and treated with conservative measures, such as medication, electric stimulation, and heating pads. As mentioned above, the records also show that Plaintiff is able to work full time as a tree trimmer.

Plaintiff further argues that the ALJ found his statements concerning the intensity, persistence, and limiting effects of his symptoms inconsistent with the objective evidence, but the ALJ failed to explain the inconsistences and failed to explain such statements given that Plaintiff did not testify at the hearing. The medical records, however, are replete with Plaintiff's description of his pain (e.g., describing his pain as an 8 out of 10 during several appointments). The ALJ simply reviewed the objective evidence and found that the objective evidence supported denying disability benefits. Accordingly, the Court finds that the ALJ's opinion is supported by substantial weight.

## VI. CONCLUSION

Accordingly, for the reasons explained above, the Court **DENIES** Plaintiff's Motion for

12

Summary Judgment [**Doc. 17**] and **GRANTS** Defendant's Motion for Summary Judgment [**Doc. 19**]. There being no further issues before the Court, the undersigned will enter a separate order closing this matter.

    ORDER ACCORDINGLY.

                       ENTER:

                       _/s/ Bruce Guyton_
                       United States Magistrate Judge